U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 15 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANGELA WILSON-RUSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-917-A |
| | § | |
| ROSS STORES, INC. D/B/A ROSS | § | |
| DRESS FOR LESS #1213, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Ross Stores, Inc., d/b/a Ross Dress for Less #1213, for summary judgment. Plaintiff, Angela Wilson-Rush, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, including the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

The operative pleading is plaintiff's amended complaint filed November 21, 2016. In it, plaintiff alleges that on or about August 23, 2014, she was shopping at defendant's store when she slipped on a soapy liquid substance and sustained severe injuries. Plaintiff asserts a cause of action for negligence against defendant.

II.

## Grounds of the Motion

Defendant says that it is entitled to judgment as a matter of law because plaintiff has not shown that defendant engaged in any activity that caused the condition plaintiff complains of. Further, plaintiff cannot sustain a premises liability cause of action because defendant did not have actual or constructive notice of an unsafe condition.

III.

## Summary Judgement Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[1] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the

---

[1] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

As defendant notes, injuries to persons on the premises of another are generally divided into two separate causes of action: negligent activity and premises liability. By negligent activity, courts mean that the premises owner engaged in affirmative, contemporaneous conduct that caused the injury. Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). This is clearly not such a case. Rather, plaintiff alleges that she was injured by a condition of the premises. See H.E. Butt Grocery Co. v. Warner, 845 S.W.2d 258, 259 (Tex. 1992).

The elements of a cause of action for premises liability are: (1) existence of a condition of the premises creating an unreasonable risk of harm; (2) the owner/occupier knew or should have known of the existence of the condition; (3) the owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) such failure was a proximate cause of plaintiff's injury. CMG Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000); Keetch, 845 S.W.2d at 264. An owner/occupier is not an insurer of the safety

4

of its guests; it is not liable to invitees for conditions of which it did not have actual or constructive knowledge. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).

To prevail on the notice element of her claim, plaintiff must show that:(1) defendant actually created the condition; (2) defendant actually knew that the condition existed; or (3) it is more likely than not that the condition existed long enough to give defendant reasonable notice of it. Reece, 81 S.W.3d at 814. Further, the proximity of an employee to the location where the incident occurred merely indicates that it was possible for the owner/occupier to discover the condition, not that it reasonably should have discovered the condition. There must be temporal evidence of the amount of time that the condition had existed. Id. at 816-17.

Here, as defendant points out, plaintiff cannot, and has not, produced any evidence to show that defendant knew or should have known of an unreasonably dangerous condition. Plaintiff has not come forward with any evidence that defendant created the condition or that defendant knew of the condition. She has no temporal evidence of how long the condition existed. Reece, 81 S.W.3d 812, 816 (Tex. 2002); Keetch, 845 S.W.2d at 265. Plaintiff testified that she never saw the substance on which she slipped.

Doc.[2] 25 at 8. "You couldn't see it. I mean you couldn't see it. It was clear." Id. at 10. The substance was smooth and it was not thick. Plaintiff did not see any streaks or dirt. Id. at 11. If she had been looking down, she would not have seen it. Id. at 12. Because she cannot meet the notice element of her cause of action, she cannot prevail.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and that plaintiff's claims be, and are hereby, dismissed.

SIGNED August 15, 2017.

_____
JOHN McBRYDE
United States District Judge

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.